

THOMAS+LAUGHLIN IV

> Defendants are ordered to respond to Plaintiffs' letter motion by January 18, 2023. In their response, Defendants should cite relevant caselaw, preferably from this circuit.
>
> **SO ORDERED:** 1/4/2023
>
> HON. VERNON S. BRODERICK
> UNITED STATES DISTRICT JUDGE

**+Via ECF+**

December 19, 2022

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
50 Foley Square
New York, NY 10007

> Re:  *McCormack v. Dingdong (Cayman) Ltd. et al*
> Case No. 1:22-cv-07273 (VSB) (S.D.N.Y)

Dear Judge Broderick:

We represent Ryan McCormack ("McCormack") in the above-referenced securities class action and write in response to the Court's November 30, 2022 Opinion and Order denying McCormack's motion for appointment as lead plaintiff and his choice of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as lead counsel. ECF No. 24. Given the Court's concerns about the original notice provided to Dingdong (Cayman) Ltd. ("Dingdong" or "the Company") investors, we respectfully request that the Court reopen the lead plaintiff and lead counsel appointment process and allow the notice (attached hereto) to be republished.[1]

We make this request because it is in the interest of absent class members for this action to be prosecuted as a class action. Therefore, in light of the Court's order, other investors should be given a chance to serve as lead plaintiff. We have attached as Exhibit A, a revised notice that attempts to address the Court's concerns regarding the sufficiency of the notice.[2]

---

[1]     Prior to filing this letter motion, counsel for Defendants were asked to provide their position on this request, and subsequently advised, "We're not in a position to assess a motion we have not seen, and reserve the right to oppose plaintiff's motion after it is filed."

[2]     The original published notice tracks lead plaintiff notices issued in other Securities Act class actions in this District. *See, e.g.*, ECF No. 42-1 in *Mustafin v. Greensky, Inc.*, Case No. 1:18-cv-11071 (AKH) (S.D.N.Y); and ECF No. 40-1 in *Garnett v. Wang*, Case No. 1:21-cv-05125 (PAE) (S.D.N.Y.). In matters asserting Securities Act claims, as is the case here, the class is often defined in terms of shareholders who purchased securities "pursuant and/or traceable to the registration

The Honorable Vernon S. Broderick
December 19, 2022
Page 2

This action was filed on August 25, 2022, as a putative securities class action.  The complaint ("Complaint") asserts claims on behalf of all persons who purchased, or otherwise acquired, Dingdong American Depository Shares ("ADS") pursuant or traceable to the F-1 registration statement (including all amendments made thereto) and related prospectus on Form 424B4 (collectively, the "Registration Statement" or "Offering Documents").  On November 30, 2022, the Court denied plaintiff McCormack's motion for appointment as lead plaintiff.  ECF No. 24.

We respectfully submit that the Court should order the reissuance of notice and set a new lead plaintiff deadline 60 days hence.  This Court has authority to reopen the lead plaintiff deadline based on its concerns about the sufficiency of the notice.[3]  Reopening the lead plaintiff deadline is appropriate because it serves the interest of justice and the interests of absent class members.  "[S]uits alleging violations of the securities laws, particularly those brought pursuant to §§11 and 12(a)(2) [of the Securities Act], are especially amenable to class action resolution[,]" because they involve a large number of investors asserting substantially similar claims arising out of the same alleged misstatements and omissions.[4]  This action is a putative securities class action alleging Securities Act claims related to DingDong's initial public offering ("IPO").  Thus, it should be prosecuted as a class action, not individually.  *Id.*  Moreover, if this case does not proceed as a class action, the interests of absent class members will potentially be undermined.  For example, absent class members' ability to recover may be undermined by the statute of limitations or, ultimately, the statute of repose.

---

statement and prospectus issued in connection with the offering."  This stands in contrast to securities class actions under the Securities and Exchange Act of 1934, which typically begin with a defined class period and include those individuals who purchased a security during that period.  Thus, although we had a good faith basis to believe that the notice was sufficient, we appreciate the Court's concerns and have attempted to resolve the issues that it identified, including providing clearer instructions on which Dingdong shareholders are likely part of the putative class.

[3]  *See, e.g., Dube v. Signet Jewelers Ltd.*, No. 16-CV-6728 (JMF), 2017 WL 1379385, at *2 (S.D.N.Y. Apr. 14, 2017) (reopening lead plaintiff process and requiring publication of new notice); *California Pub. Employees' Ret. Sys. v. Chubb Corp.*, 127 F. Supp. 2d 572, 582 (D.N.J. 2001) (denying without prejudice motion for lead plaintiff and ordering plaintiff to re-publish notice); *Holley v. Kitty Hawk, Inc.*, 200 F.R.D. 275, 279 (N.D. Tex. 2001) (finding initial notice in the case inadequate and ordering temporary lead plaintiffs to file with the court a revised notice of pendency of class action); and *Mastrella v. WCI Communities, Inc.*, No. 08-80055-CIV, 2008 WL 11331712, at *3 (S.D. Fla. May 28, 2008) (denying plaintiffs' motion for appointment of lead plaintiff and lead counsel and directing plaintiff to republish notice so that the Court may entertain any motion for lead plaintiff filed within the renewed 60-day period).

[4]  *See Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co., Inc.*, 277 F.R.D. 97, 101 (S.D.N.Y. 2011).

The Honorable Vernon S. Broderick
December 19, 2022
Page 3

For the foregoing reasons, we respectfully ask the Court to (i) reset the lead plaintiff deadline for 60 days hence and (ii) order that McCormack shall reissue the revised notice set forth in Exhibit A.

Sincerely,
SCOTT+SCOTT ATTORNEYS AT LAW LLP

*Thomas L. Laughlin, IV*

Thomas L. Laughlin, IV

The Honorable Vernon S. Broderick
December 19, 2022
Page 4

**Exhibit A - Proposed Revised Notice**
**INVESTOR ALERT: Scott+Scott Attorneys at Law LLP Files Securities Class Action**
**Against Dingdong (Cayman) LTD (NYSE: DDL)**

NEW YORK – Scott+Scott Attorneys at Law LLP ("Scott+Scott"), an international shareholder and consumer rights litigation firm, has filed a securities class action lawsuit against Dingdong (Cayman) LTD (NYSE: DDL) ("Dingdong" or the "Company"), its U.S. representatives, certain Dingdong directors and officers and the underwriters of Dingdong's June 2021 initial public offering ("IPO"), alleging violations of §§11, 12 and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77l(a)(2), and 77o, on behalf of investors who purchased Dingdong American Depository Shares ("ADS") pursuant and/or traceable to the Company's June 2021 IPO.

Dingdong purports to be a leading and the fastest growing on-demand e-commerce company in China. Dingdong's mission is to "make fresh groceries as available as running water to every household."

According to the complaint filed in the Southern District of New York, **captioned** *McCormack v. Dingdong (Cayman) Ltd., et al.*, **Case No. 1:22-cv-07273-VSB,** the registration statement and prospectus used to effectuate the Company's IPO misstated and/or omitted facts concerning Dingdong's so-called commitment to ensuring the safety and quality of the food it distributes to the market. For example, despite claiming that it applies "stringent quality control across [its] entire supply chain to ensure product quality to [its] users," Dingdong sold food past its sell-by date. Consequently, Dingdong was, in fact, no better at providing or assuring access to "fresh" groceries than the supermarkets, traditional Chinese wet markets, or traditional e-commerce platforms it repeatedly claimed to be displacing. Moreover, the foregoing conduct subjected Dingdong to an increased risk of regulatory and/or governmental scrutiny and enforcement, all of which, once revealed, were likely to (and did) negatively impact Dingdong's business, operations, and reputation. In fact, as the truth about Dingdong's business and its failure to meet its self-imposed food safety responsibilities reached the market, the value of the Company's shares declined dramatically. By the commencement of the action, Dingdong's shares traded as low as $2.51 per ADS, representing a decline of over 89% from the $23.50 IPO offering price.

**Lead Plaintiff Deadline**

The Lead Plaintiff deadline in this action, which was assigned to the Honorable Vernon S. Broderick, is [Insert Date]. Any member of the putative class, which consists of Dingdong shareholders who purchased Dingdong ADS pursuant and/or traceable to the Company's June 28, 2021 IPO may seek to serve as Lead Plaintiff by filing a motion to serve as lead plaintiff with the Court, through counsel of their choice, or may choose to do nothing and remain an absent class member.

**What Else Can You Do**

If you have questions about this notice or your legal rights, you are encouraged to get in contact with Scott+Scott attorney Jonathan Zimmerman by calling him at (888) 398-9312 or by sending him an email at jzimmerman@scott-scott.com.

The Honorable Vernon S. Broderick
December 19, 2022
Page 5

**About Scott+Scott**

Scott+Scott has significant experience in prosecuting major securities, antitrust, and consumer rights actions throughout the United States.  The firm represents pension funds, foundations, individuals, and other entities worldwide with offices in New York, London, Amsterdam, Connecticut, California, Virginia, and Ohio.

This may be considered Attorney Advertising.

**CONTACT:**
**Jonathan Zimmerman**
**Scott+Scott Attorneys at Law LLP**
**230 Park Avenue, 17th Floor, New York, NY 10169-1820**
**(888) 398-9312**
**jzimmerman@scott-scott.com**