# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Matthew Solum
To Call Writer Directly:
+1 212 446 4688

matthew.solum@kirkland.com

Facsimile:
+1 212 446 4900

January 18, 2023

<u>**Via CM/ECF**</u>
Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States
Courthouse 40 Foley Square, Room 415
New York, NY 10007

> **Re:**   *McCormack v. Dingdong (Cayman) Ltd. et al.*, Case No. 1:22-cv-07273-VSB

Dear Judge Broderick:

    I write on behalf of the undersigned Defendants in response to the Court's January 4, 2023 Order and Plaintiff Ryan McCormack's ("McCormack") December 19, 2022 Letter Motion to Reopen the Lead Plaintiff and Lead Counsel Appointment Process ("McCormack's Motion"). McCormack's Motion should be denied and McCormack should prosecute his claims on an individual basis as previously ordered by the Court. (ECF No. 24 at 13 (citing *Guo v. Tyson Foods, Inc.*, No. 21-CV-00552-AMD-JRC, 2022 WL 5041798, at *6 (E.D.N.Y. Sept. 30, 2022))). If McCormack chooses not to prosecute his claims on an individual basis, this action should be dismissed pursuant to Federal Rule of Civil Procedure 41(a).

    <u>**Background**</u>

    On August 25, 2022, Ryan McCormack filed the complaint in this action asserting various claims under the Securities Act of 1933 on behalf of a putative class of Dingdong shareholders. (ECF No. 1). McCormack's claims are predicated on his alleged purchase and subsequent sale of 40 Dingdong American Depositary Shares ("ADSs") at an alleged loss of $504.40. (ECF No. 1-1; *see also* ECF No. 22-2). Also on August 25, 2022, counsel for McCormack published notice of the lawsuit on *Business Wire* and advised investors "[i]f you purchased Dingdong ADS pursuant and/or traceable to the Company's IPO, or if you have questions about this notice or your legal

Beijing  Boston  Chicago  Dallas  Hong Kong  Houston  London  Los Angeles  Munich  Palo Alto  Paris  San Francisco  Shanghai  Washington, D.C.

Judge Broderick
January 18, 2023
Page 2

rights, you are encouraged to contact attorney Jonathan Zimmerman at (888) 398- 9312 or zimmerman@scott-scott.com." (ECF No. 22-1).[1]  Under the PSLRA, the deadline for motions for appointment of Lead Plaintiff and Lead Counsel was October 24, 2022.  (ECF No. 15).  No Lead Plaintiff applicant filed a motion by the October 24, 2022 deadline.  On October 26, 2022, McCormack belatedly filed through counsel his Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel.  (ECF Nos. 20-2).  No other Lead Plaintiff applicants subsequently came forward.

On November 30, 2022, the Court denied McCormack's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel on the bases that (i) the notice issued by counsel for McCormack was deficient in numerous respects and (ii) McCormack would not fairly and adequately protect the interests of the class because of, *inter alia*, his limited alleged losses of $504.40 and the fact that McCormack sold his Dingdong shares months before the only alleged corrective disclosure identified in the complaint.  (ECF No. 24).[2]  The Court held that McCormack could still pursue his claims on an individual basis and ordered the parties to submit a proposed schedule for the filing of any amended complaint by McCormack and subsequent response.  (ECF No. 24).

On December 19, 2022, McCormack filed his motion to Reopen the Lead Plaintiff and Lead Counsel Appointment Process, which included a Proposed Revised Notice.  (ECF No. 25).[3]  Defendants reserved the right to oppose McCormack's Motion after it was filed.  (ECF No. 25 at 1 n.1).  On December 20, 2022, the parties filed a joint letter motion to adjourn the deadline for the filing of any amended complaint and subsequent responses until after the Court adjudicates McCormack's Motion (ECF No. 26), which the Court granted (ECF No. 27).  On January 4, 2023, the Court ordered Defendants to respond to McCormack's Motion by January 18, 2023.  (ECF No. 28).

---

[1]    The Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, et seq. ("PSLRA") sets forth a process for the appointment of Lead Plaintiff and Lead Counsel, after a 60-day notice period expires following the filing of the initial putative securities class action, *see* 15 U.S.C. §78u-4(a)(3).  "Courts strictly adhere to the sixty-day rule, and any motion filed after the sixty-day period will not be considered except under rare circumstances." *Saye v. NIO Inc.*, No. 22-CV-7252 (VSB), 2022 WL 17666398, at *3 (S.D.N.Y. Dec. 14, 2022) (Broderick, J.).

[2]    Specifically, the Court based its holding on the fact that McCormack only claimed "a token amount of losses," and "does not claim that his losses are similar to, or larger than, the losses of other class members."  (ECF No. 24 at 12).  The Court also noted McCormack's filings "include[] no details about his background, years of investing experience, or other indicia of sophistication." *Id.*

[3]    Like the original notice found defective by this Court, the Proposed Revised Notice advises investors that they should contact Scott+Scott with questions:  "If you have questions about this notice or your legal rights, you are encouraged to get in contact with Scott+Scott attorney Jonathan Zimmerman by calling him at (888) 398-9312 or by sending him an email at jzimmerman@scott-scott.com."  (ECF No. 25).

Judge Broderick
January 18, 2023
Page 3

### Argument[4]

"Congress intended for the PSLRA to curb abuses of the class-action vehicle in litigation involving nationally traded securities—abuses that Congress perceived to be harming the U.S. economy." *Zweiman v. AXA Equitable Life Ins. Co.*, 146 F. Supp. 3d 536, 544 (S.D.N.Y. 2015) (Broderick, J.) (citations omitted).[5] "The House Conference Report related to the PSLRA noted that 'nuisance filings, targeting deep-pocket defendants, vexatious discovery requests, and manipulation by class action lawyers of the clients whom they purportedly represent' had become rampant in recent years." *Id.* (citing *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 81 (2006)). "In accordance with this policy, the PSLRA provides for extensive judicial involvement in the process of selecting a lead plaintiff and lead counsel in a securities class action. The Act carefully sets forth the procedure for doing so and the criteria to be applied." *Peters*, 2012 WL 946875, at *4.

Here, the Court has already determined that McCormack himself is incapable of fairly and adequately protecting the interests of the class as Lead Plaintiff. (ECF No. 24 at 13). Respectfully, if McCormack is disinclined to accept the Court's invitation to pursue his claims on an individual basis—as appears to be the case—it would violate the spirit and policy of the PSLRA to permit his counsel to nonetheless continue to seek alternative Lead Plaintiffs to pursue these claims on a class basis in this litigation. *See Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 862 F. Supp. 2d 322, 326 (S.D.N.Y. 2012) ("Absent statutory guidance, courts are thus left to craft an order that best adheres to the policy behind the PSLRA.") (discussing process for replacing a previously appointed Lead Plaintiff). In other words, permitting counsel to pursue judicially-endorsed re-issuance of notice here despite the fact that there is currently not a viable Lead Plaintiff candidate is exactly the type of "lawyer-driven litigation" the PSLRA was enacted to prevent. *Saye*, 2022 WL 17666398, at *3.

McCormack cites a number of cases in his Motion for the proposition that the "Court has authority to reopen the lead plaintiff deadline based on its concerns about the sufficiency of the notice." McCormack's Motion at 2. None of McCormack's cases is on point here. Notably, the only case from within the Second Circuit cited by McCormack involved highly dissimilar factual circumstances and is inapposite here. *See* McCormack's Motion at 2 (citing *Dube v. Signet Jewelers Ltd.*, No. 16-CV-6728 (JMF), 2017 WL 1379385, at *2). In *Dube*, Judge Furman permitted re-issuance of PSLRA notice where the previously appointed Lead Plaintiff significantly amended the prior complaint to dramatically expand the class period and alter the gravamen of the

---

[4]     Defendants are cognizant of the Court's request for authority within the Second Circuit and have endeavored to cite out-of-circuit authority sparingly. (ECF No. 28).

[5]     *See also Peters v. Jinkosolar Holding Co.*, No. 11 CIV. 7133 JPO, 2012 WL 946875, at *4 (S.D.N.Y. Mar. 19, 2012) ("Congress enacted the PSLRA in 1995 'in response to perceived abuses in securities fraud class actions. The purpose behind the PSLRA was to prevent 'lawyer-driven' litigation, and to ensure that 'parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiffs' counsel.'") (citation omitted).

Judge Broderick
January 18, 2023
Page 4

claims against defendants. *Dube*, 2017 WL 1379385, at \*1. Thus, PSLRA notice was only permitted to be reissued in *Dube* **after** the original Lead Plaintiff had already been deemed adequate and **after** the original notice had already been determined to comport with the requirements of the PSLRA by the court—neither of which occurred here. For this reason, the lack of a viable Lead Plaintiff and corresponding lawyer-driven litigation implications present here were not at issue in *Dube*. And *Dube* does not stand for the proposition that this Court should permit re-issuance of PSLRA notice in the absence of a previously certified Lead Plaintiff.

McCormack's cases from outside this circuit do not fare any better given that none of them involved determinations by the court both that (i) the proposed Lead Plaintiff could not adequately represent the class and also that (ii) the notice issued by the proposed Lead Plaintiff's counsel was inadequate, as occurred here.[6] In sum, McCormack identifies no authority for the proposition that counsel for a Lead Plaintiff applicant who has already been determined by the court to be substantively inadequate may nonetheless pursue alternative Lead Plaintiff applicants through re-issuance of the PSLRA notice. This is not surprising. "Congress hoped that the lead plaintiff would seek the lawyers, rather than having the lawyers seek the lead plaintiff." *See In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997); *see also Garbowski v. Tokai Pharms., Inc.*, 302 F. Supp. 3d 441, 456 (D. Mass. 2018) ("it is not clear whether the PSLRA authorizes reopening" the Lead Plaintiff application process).

McCormack also argues that he "had a good faith basis to believe that the [original] notice" in this action was sufficient. (ECF No. 25 at 1 n.2 (citing ECF No. 42-1 in *Mustafin v. Greensky, Inc.*, Case No. 1:18-cv-11071 (AKH) (S.D.N.Y); and ECF No. 40-1 in *Garnett v. Wang*, Case No. 1:21-cv-05125 (PAE) (S.D.N.Y.))). Defendants concur with the Court's prior determination that the original notice in this action was defective and believe the Proposed Revised Notice suffers from many of the same flaws, including that the Proposed Revised Notice continues to direct investors to contact Scott+Scott with questions about the litigation.[7]

---

[6]    *See Mastrella v. WCI Communities, Inc.*, No. 08-80055-CIV, 2008 WL 11331712, at \*3 (S.D. Fla. May 28, 2008) (no consideration of "the merits of the Mastrella Group as lead plaintiff"); *California Pub. Employees' Ret. Sys. v. Chubb Corp.*, 127 F. Supp. 2d 572, 575 (D.N.J. 2001) ("the Court addresses only the adequacy of the published notice in this Opinion"); *Holley v. Kitty Hawk, Inc.*, 200 F.R.D. 275, 281 (N.D. Tex. 2001) ("the proposed lead plaintiffs have satisfied the presumption that they are the most adequate plaintiffs under the PSLRA").

[7]    *Compare* Defective Notice (ECF No. 22-1) ("If you purchased Dingdong ADS pursuant and/or traceable to the Company's IPO, or if you have questions about this notice or your legal rights, you are encouraged to contact attorney Jonathan Zimmerman at (888) 398-9312 or jzimmerman@scott-scott.com.") *with* Proposed Revised Notice (ECF No. 25) ("If you have questions about this notice or your legal rights, you are encouraged to get in contact with Scott+Scott attorney Jonathan Zimmerman by calling him at (888) 398-9312 or by sending him an email at jzimmerman@scott-scott.com."). The Court previously highlighted this deficiency in its November 30, 2022 Opinion & Order denying McCormack's Lead Plaintiff application. *See* ECF No. 24 at 10 ("Courts have found PSLRA notices defective 'when the notice instead appears intended to funnel potential lead plaintiffs through the initial law firm . . . rather than to notify' purported class members of their legal rights, as the PSLRA intended.").

Judge Broderick
January 18, 2023
Page 5

In any event, even if McCormack is correct that the original notice was sufficient, such a conclusion would actually cut against granting McCormack's Motion here, given that no other Lead Plaintiff candidate came forward in response to the original notice and the Court has already determined that McCormack would not fairly and adequately protect the interests of the class as Lead Plaintiff given, *inter alia*, his "token amount" of $504.40 in alleged losses from the purchase of 40 Dingdong ADSs. (ECF No. 24 at 12). It is also notable that an armada of other law firms issued press releases announcing the opportunity to serve as Lead Plaintiff in this litigation and yet no viable Lead Plaintiff applicant has appeared.[8] The law is clear that where no adequate Lead Plaintiff candidate comes forward, the case cannot be maintained as a class action. *See McCormack v. Dingdong (Cayman) Ltd.*, No. 22-CV-7273 (VSB), 2022 WL 17336586, at *6 (S.D.N.Y. Nov. 30, 2022) ("Because I find that McCormack 'will not fairly and adequately protect the interest of the class," this case cannot proceed as a class action.'") (Broderick, J.); *Bosch v. Credit Suisse Grp. AG*, No. 22-CV-2477 (ENV), 2022 WL 4285377, at *7 (E.D.N.Y. Sept. 12, 2022) (denying motion to appoint Lead Plaintiff and noting "[t]he instant securities action may proceed on an individual basis, without a lead plaintiff"); *Guo*, 2022 WL 5041798, at *6 (E.D.N.Y. Sept. 30, 2022) ("Notwithstanding this Court's ruling denying Movants' appointment as lead plaintiffs, this case still may proceed on an individual basis."); *In re Allergan PLC Sec. Litig.*, 2020 WL 5796763, at *9 (S.D.N.Y. Sept. 29, 2020) ("BRS is of course free to prosecute its claim individually."); *In re Cavanaugh*, 306 F.3d 726, 731 n.7 (9th Cir. 2002) ("where no plaintiff willing to serve as lead satisfies the typicality and adequacy requirements[,] . . . perhaps the case cannot be maintained as a class action").[9]

## Conclusion

For the foregoing reasons, McCormack's Motion should be denied and McCormack should either prosecute his claims on an individual basis as previously ordered by the Court or dismiss this action pursuant to Federal Rule of Civil Procedure 41(a).

---

[8]    *See, e.g.*, https://www.bloomberg.com/press-releases/2022-10-21/dingdong-securities-fraud-class-action-lawsuit-pending-contact-levi-korsinsky-before-october-24-2022-to-discuss-your-rights (Levi & Korinsky); https://www.businesswire.com/news/home/20221021005047/en/DINGDONG-72-HOUR-DEADLINE-ALERT-Former-Louisiana-Attorney-General-and-Kahn-Swick-Foti-LLC-Remind-Investors-With-Losses-in-Excess-of-100000-of-Deadline-in-Class-Action-Lawsuit-Against-Dingdong-Cayman-Limited---DDL (Kahn Swick & Foti); https://www.wdbj7.com/prnewswire/2022/10/19/shareholder-alert-gross-law-firm-notifies-shareholders-dingdong-cayman-ltd-class-action-lawsuit-lead-plaintiff-deadline-october-24-2022-nyse-ddl/?outputType=amp (Gross Law Firm); https://www.nasdaq.com/press-release/dingdong-investors:-10-24-22-filing-deadline-in-securities-class-action-contact-lieff (Lieff Cabraser Heimann & Bernstein).

[9]    Plaintiffs' citation to *Pub. Employees' Ret. Sys. of Mississippi v. Merrill Lynch & Co.*, 277 F.R.D. 97, 100 (S.D.N.Y. 2011) for the unremarkable proposition that securities actions "are especially amenable to class action resolution" does nothing to alter this conclusion, given that no adequate Lead Plaintiff applicant came forward to support this class action. *See In re Allergan PLC Sec. Litig.*, 2020 WL 5796763, at *1 (declining to certify class based on concerns with Lead Plaintiff despite fact that "[t]here is absolutely no question that this action should proceed as a class action. It is a garden-variety securities fraud suit, a type of action particularly well suited to class treatment.").

Judge Broderick
January 18, 2023
Page 6

Respectfully,

**KIRKLAND & ELLIS LLP**

*/s/ Matthew Solum, P.C.*

Matthew Solum, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
msolum@kirkland.com

*Counsel for Dingdong (Cayman) Ltd.*

**K&L GATES**                                        **SHEARMAN & STERLING LLP**

*/s/ Joanna A. Diakos*                          */s/ Daniel C. Lewis*

Joanna A. Diakos                                 /s/ Daniel C. Lewis
Priya Chadha                                     Daniel C. Lewis
599 Lexington Avenue                             Grace J. Lee
New York, NY 10022                               Elizabeth J. Stewart
Telephone: (212) 536-3900                        599 Lexington Avenue
Facsimile: (212) 536-3901                        New York, New York 10022
joanna.diakoskordalis@klgates.com                Telephone: (212) 848-4000
priya.chadha@klgates.com                         Facsimile: (646) 848-4000
                                                 daniel.lewis@shearman.com
*Counsel for Colleen A. De Vries and*            grace.lee@shearman.com
*Cogency Global Inc.*                            elizabeth.stewart@shearman.com

                                                 *Counsel for Morgan Stanley & Co. LLC,*
                                                 *BofA Securities, Inc., Credit Suisse Securities*
                                                 *(USA) LLC, and HSBC Securities (USA) Inc.*

6