

THOMAS+LAUGHLIN IV

+ **Via ECF** +

January 25, 2023

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
50 Foley Square
New York, NY 10007

   Re: *McCormack v. Dingdong (Cayman) Ltd., et al.*
     Case No. 1:22-cv-07273 (VSB) (S.D.N.Y)

Dear Judge Broderick:

  We write on behalf of plaintiff Ryan McCormack ("McCormack") and the putative class in the above-referenced securities class action, and in response to Defendants' January 18, 2023 letter (the "Opposition") opposing McCormack's December 19, 2022 Letter-Motion seeking to reopen the lead plaintiff and lead counsel appointment process and allow notice of the pendency of this action to be republished to Dingdong (Cayman) Ltd. ("Dingdong" or the "Company") investors. Defendants have not explained why this Court should penalize thousands of absent class members by expunging their claims from this matter at the outset of the case.[1]

  Defendants purport to be concerned with the "spirit and policy of the PSLRA," (Opposition at 3), but Defendants' opposition is, in fact, nothing more than a misguided effort to prejudice the interest of absent class members and achieve a merits ruling on the basis of a leadership fight, which they have no interest in. *See Labul v. XPO Logistics, Inc.*, No. 3:18-CV-2062 (VLB), 2019 WL 1450271, at *8 (D. Conn. Apr. 2, 2019) (holding Defendants lack standing to oppose the presumption afforded to the lead plaintiff movant).

  Given the Court's concerns about the previous notice issued here, there is significant risk that a decision stripping out absent class members' claims will unfairly inhibit the ability of those

---

[1] The revised notice attached to McCormack's December 19, 2022 Letter-Motion informs Dingdong investors of their right to "fil[e] a motion to serve as lead plaintiff with the Court, ***through counsel of their choice***" and separately provides contact information for an attorney at Scott+Scott Attorneys at Law LLP ("Scott+Scott") who is able to answer any "questions about this notice or your legal rights." While such language is not uncommon in PSLRA notices, we have attached hereto as Exhibit A a second revised notice that recommends investors contact an attorney if they have questions.

Scott+Scott Attorneys at Law LLP + The Helmsley Building + 230 Park Avenue, 17th Fl + New York, NY 10169 + 212.519.0519 + tlaughlin@scott-scott.com

The Honorable Vernon S. Broderick
January 25, 2023
Page 2

class members to pursue their securities claims. Under Section 13 of the Securities Act of 1933, Section 11 claims must be brought within one year after discovery of the alleged misstatement or omission. Here, Dingdong investors learned at least part of the truth about the Company's safety and quality issues and lack of sufficient and effective quality control policies and procedures in March 2022. Therefore, if notice is not republished, the class will be potentially barred from pursuing claims as early as March 2023. The claims of absent class members should not be stricken from the case at this early stage when doing so poses a significant threat to their ability to recover. *See, e.g., In re New Oriental Educ. & Tech. Grp. Sec. Litig.*, 293 F.R.D. 483, 488 (S.D.N.Y. 2013) (citing the potential repercussions for the class, including the running of the statute of limitations, as justification for a decision regarding consolidation of related but distinct class actions); *id.* at 487 (noting that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action").

The cases relied on by Defendants do not countenance otherwise and are easily distinguishable. Unlike *Credit Suisse*, *Guo*, *Allergan*, and *In re Cavanaugh*, this is not a case where notice was found to be adequate, and no adequate investor stepped forward to serve as lead plaintiff. Here, the Court determined there were issues with the initial notice. Opinion & Order (ECF No. 24) at 9. To the extent notice was deficient, new notice is appropriate to notify the putative class of the chance to serve as lead plaintiff. Nor does Defendants' authority stand for the proposition that courts **must** use their discretion to convert class actions into individual proceedings if a lead plaintiff is not appointed on adequacy or typicality grounds. Rather, the footnote from the Ninth Circuit decision cited by Defendants actually says that it is an open question as to what should happen and, in fact, that the United States Securities and Exchange Commission has filed a brief arguing that the court should "relax the rigor of Rule 23's requirements" to allow the class claims to proceed:

> We need not consider what happens where no plaintiff willing to serve as lead satisfies the typicality and adequacy requirements. In those circumstances, perhaps the case cannot be maintained as a class action, see, *e.g., Pattillo v. Schlesinger,* 625 F.2d 262, 265 (9th Cir. 1980); *Fendler v. Westgate–California Corp.*, 527 F.2d 1168 (9th Cir. 1975). Or, as Amicus Securities and Exchange Commission suggests, the district court may have discretion to relax the rigor of Rule 23's requirements. Amicus Br. of SEC at 18 n. 6. Because this question is not presented, we do not answer it.

*In re Cavanaugh*, 306 F.3d 726, 742 n. 7 (9th Cir. 2002).

Accordingly, under the circumstances and in light of the pending statute of limitations issues, we respectfully ask the Court to grant McCormack's Motion and allow notice to be reissued to the putative class.

Dated: January 25, 2023          Sincerely,

SCOTT+SCOTT ATTORNEYS AT LAW LLP

*/s/Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV

The Honorable Vernon S. Broderick
January 25, 2023
Page 3

## Exhibit A – Second Proposed Revised Notice

**INVESTOR ALERT: Scott+Scott Attorneys at Law LLP Files Securities Class Action Against Dingdong (Cayman) LTD. (NYSE: DDL)**

NEW YORK – Scott+Scott Attorneys at Law LLP ("Scott+Scott"), an international shareholder and consumer rights litigation firm, has filed a securities class action lawsuit against Dingdong (Cayman) LTD. (NYSE: DDL) ("Dingdong" or the "Company"), its U.S. representatives, certain Dingdong directors and officers and the underwriters of Dingdong's June 2021 initial public offering ("IPO"), alleging violations of §§11, 12 and 15 of the Securities Act, 15 U.S.C. §§77k, 77l(a)(2), and 77o, on behalf of investors who purchased Dingdong American Depository Shares ("ADS") pursuant and/or traceable to the Company's June 2021 IPO.

Dingdong purports to be a leading and the fastest growing on-demand e-commerce company in China. Dingdong's mission is to "make fresh groceries as available as running water to every household."

According to the complaint filed in the Southern District of New York, **captioned *McCormack v. Dingdong (Cayman) Ltd., et al.*, Case No. 1:22-cv-07273-VSB,** the registration statement and prospectus used to effectuate the Company's IPO misstated and/or omitted facts concerning Dingdong's so-called commitment to ensuring the safety and quality of the food it distributes to the market. For example, despite claiming that it applies "stringent quality control across [its] entire supply chain to ensure product quality to [its] users," Dingdong sold food past its sell-by date. Consequently, Dingdong was, in fact, no better at providing or assuring access to "fresh" groceries than the supermarkets, traditional Chinese wet markets, or traditional e-commerce platforms it repeatedly claimed to be displacing. Moreover, the foregoing conduct subjected Dingdong to an increased risk of regulatory and/or governmental scrutiny and enforcement, all of which, once revealed, were likely to (and did) negatively impact Dingdong's business, operations, and reputation. In fact, as the truth about Dingdong's business and its failure to meet its self-imposed food safety responsibilities reached the market, the value of the Company's shares declined dramatically. By the commencement of the action, Dingdong's shares traded as low as $2.51 per ADS, representing a decline of over 89% from the $23.50 IPO offering price.

**Lead Plaintiff Deadline**

The Lead Plaintiff deadline in this action, which was assigned to the Honorable Vernon S. Broderick, is [Insert Date]. Any member of the putative class, which consists of Dingdong shareholders who purchased Dingdong ADS pursuant and/or traceable to the Company's June 28, 2021 IPO may seek to serve as Lead Plaintiff by filing a motion to serve as lead plaintiff with the Court, through counsel of their choice, or may choose to do nothing and remain an absent class member.

**What Else Can You Do**

If you have questions about this notice or your legal rights, you should contact an attorney.

**About Scott+Scott**

The Honorable Vernon S. Broderick
January 25, 2023
Page 4


Scott+Scott has significant experience in prosecuting major securities, antitrust, and consumer rights actions throughout the United States.  The firm represents pension funds, foundations, individuals, and other entities worldwide with offices in New York, London, Amsterdam, Connecticut, California, Virginia, and Ohio.

This may be considered Attorney Advertising.

**CONTACT:**
**Jonathan Zimmerman**
**Scott+Scott Attorneys at Law LLP**
**230 Park Avenue, 17th Floor, New York, NY 10169-1820**
**(888) 398-9312**
**jzimmerman@scott-scott.com**